Dear Mr. Stone:
This office is in receipt of your opinion request wherein you asked whether the Clerk of Court's Office would be in violation of LA R.S. 14:139
by funding an on-going project to reconstruct its office space within six months of the 2003 gubernatorial election.
LA R.S. 14:139 states, in pertinent part:
Political payroll padding is committed when any public officer or public employee shall, at any time during the six months preceding any election for governor: (2) Increase the payroll or other operating expenses of his office, department, board, agency, or institution more than fifteen percent over its average amount of such expenditures for each of the months of the first six months of the twelve months preceding said election. (Emphasis added)
The key question here is whether the Clerk of Court's renovations fall under the "other operating expenses" provision of this statute, so that the funding provided for the restructuring would be limited to no more than fifteen percent over the average expenditures for each of the first six months of the twelve months preceding the election.
The language of LA R.S. 14:139 is silent on the issue of on-going renovation projects, therefore, absent such express language; one must look to the intent of the legislature in drafting the provision. Such intent is clearly set forth in the official legislative history of Act No. 454 of 1980 (also designated as Senate Bill No. 1001 of 1980), specifically the hearing of the House Committee on Administration of Criminal Justice on the proposed amendments to this legislation. The official minutes of this meeting established that the "payroll padding" envisioned under this Act is a white collar felony, to be ranked as such alongside "crimes of corrupt influencing, injuring public records, filing false public records, malfeasance in office, public salary deductions, public salary extortion," all of which "strike at the nature of our government." It is absurd to argue that an on-going project to fund a new filing system has such corrupt activities. Therefore, it seems that the activities in question do not fall within the scope of LA R.S. 14:139.
It is the opinion of this office that the on-going reconstruction project of the 11th Judicial District Clerk of Court's Office does not fall under the purview of the payroll padding prohibition of LA R.S.14:139. Even the harshest possible scenario would subject only furniture, equipment and physical movables to the 15% limitation of LA R.S. 14:139, as the cost of any physical improvements to the office would not be considered "operating expenses," but rather capital improvement expenses. Therefore, the Clerk of Court's Office would not be in violation of LA R.S. 14:139 by funding an on-going project to restructure its office space within six months of the 2003 gubernatorial election.
If we may be of any further assistance, please do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ BURTON GUIDRY ASSISTANT ATTORNEY GENERAL
BG:emt/jy
Date Released: July 30, 2003